UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON OLIVER, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 3:21-cv-02039<br><br>(SAPORITO, M.J.) |

## **MEMORANDUM**

This is a federal civil rights action. The plaintiff, David Torres, claims that several law enforcement officers violated his civil rights in connection with an allegedly unlawful seizure of his person and his subsequent arrest on drug possession charges.

The plaintiff originally commenced this action by filing a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, where it was docketed as Case No. 2021-4317. The action was removed to this court by defendants Shawn Haggerty, Christopher Burnell, and Nehemiah Haigler, each of whom is alleged to be an agent of the Office of the Attorney General for the Commonwealth of Pennsylvania.[1]

---

[1] Three other defendants were named and consented to removal. They later settled and were dismissed at the request of the plaintiff.

This matter is now before the court on a motion to dismiss by the remaining defendants. (Doc. 7.) The motion is fully briefed and ripe for decision. (Doc. 26; Doc. 31.) For the reasons expressed herein, we will grant the motion with leave to file an amended complaint.

I. STATEMENT OF FACTS

In his complaint, the plaintiff has alleged that, on April 24, 2019, he was a passenger in a vehicle travelling on Carey Avenue in Wilkes-Barre, Pennsylvania. As the driver of the vehicle pulled into a driveway to perform a U-turn on Carey Avenue, law enforcement officers—including the remaining defendants—boxed-in the vehicle and approached the vehicle with firearms drawn. (Doc. 1-1 ¶¶ 9-10.) At the direction of the officers, the plaintiff and the driver stuck their hands out of the windows to show that they were unarmed. The officers aggressively broke the door handle on the vehicle and pulled the plaintiff out of the vehicle by his hair through the open window, leaving a chunk of the plaintiff's hair, ripped from his scalp, on the ground at the scene. (*Id.* ¶¶ 11-12.) During this altercation, the plaintiff was repeatedly punched in the face and slammed on the ground; the defendants allegedly were present and either participated in the assault on the plaintiff or failed to

intervene to prevent it. (*Id.* ¶ 13.) The officers searched the vehicle and found a bottle of prescription pills in the center console of the vehicle; after the driver admitted that the pills belonged to him, the officers charged the plaintiff with possession of the pills. (*Id.* ¶¶ 15-16.) The plaintiff alleged that the defendants and other officers conspired to bring these charges against him to cover up their allegedly unlawful assault upon him. (*Id.* ¶ 17.) The criminal charges against the plaintiff were later dismissed at a preliminary hearing. (Id. ¶ 19.)

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

### III.   DISCUSSION

In his complaint, the plaintiff has asserted federal civil rights claims under 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to the violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

> the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Based upon the allegations recited above, the plaintiff asserts § 1983 claims against the remaining defendants for unreasonable seizure in Count One and malicious prosecution in Count Five.[2] The defendants

---

[2] All other counts are directed against a dismissed defendant.

5

argue that Count One alleges excessive force and/or failure to intervene claims. Count One incorporates by reference the factual allegations in paragraphs 1 through 21 of the complaint (Doc. 1-1 ¶ 22), and it alleges that "Defendants' use of force . . . constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution" (*id.* ¶ 23). In Count Five, the plaintiff alleged that "Defendants caused criminal proceedings to be initiated against Mr. Torres, resulting in Mr. Torres' arrest and prosecution," with malice, and those criminal proceedings were ultimately terminated in his favor. (*Id.* ¶¶ 46-49). In both of these counts, the plaintiff alleges that *unspecified* defendants engaged in unlawful conduct that deprived him of his constitutional rights. The complaint alleges the factual circumstances giving rise to the plaintiff's federal civil rights claims, but it ascribes no particular conduct whatsoever to *any* individual defendant. (*Id.* ¶¶ 13, 46-49). All allegedly wrongful conduct is attributed only generally to "the defendants" or "the officers."

"This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019); *see also Caristo v.*

*Blairsville-Saltsburg Sch. Dist.*, 370 F. Supp. 3d 554, 569 n.21 (W.D. Pa. 2019) ("Without separately alleging the conduct of each Defendant, Defendants are not on notice of their conduct."). *See generally Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019) ("Rule 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (internal quotation marks omitted). Group pleading such as this, lumping three defendants together without setting forth what each particular defendant is alleged to have done, is impermissibly vague. *See Mills*, 406 F. Supp. 3d at 386–87. "Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Id.* at 387.

"Rather, each named defendant must be shown, via the complaint's allegations, to have been *personally involved* in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601,

613 (M.D. Pa. 2014) (citation omitted) (emphasis added). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, there are no specific allegations regarding the conduct of *any* individual defendant. Absent any specific allegations of personal involvement by these defendants, the plaintiff has failed to state a plausible § 1983 claim against any of them. *See Simonton v. Ryland-Tanner*, 836 Fed. App'x 81, 84 (3d Cir. 2020) (per curiam); *Evancho*, 423 F.3d at 353; *see also Caristo*, 370 F. Supp. 3d at 569 n.21 ("Plaintiff must plead facts demonstrating the specific personal involvement of each Individual Defendant as to any Constitutional deprivations she alleges. Group pleading as to such matters will not suffice.").

Accordingly, the plaintiff's claims against the remaining defendants in their personal capacity will be dismissed as impermissibly vague, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and

for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IV. LEAVE TO AMEND

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In his brief, the plaintiff has requested leave to amend if claims are dismissed, and it does not appear to us that amendment would be futile or inequitable. Therefore, the complaint will be dismissed with leave to amend.

### V. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss will be granted. All personal-capacity § 1983 claims against the remaining defendants set forth in Counts One and Five of the complaint will be dismissed as impermissibly vague and for failure to state a claim upon

which relief can be granted. The plaintiff will be granted leave to file an amended complaint.

An appropriate order follows.


Dated: July 18, 2022              ***s/Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge